IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL D. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08-cv-2078 |
| vs. | ) |
| | ) Judge Harold A. Baker |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY and | ) Magistrate Judge David G. Bernthal |
| HARTFORD LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Hartford Life and Accident Insurance Company and Hartford Life Insurance Company (collectively "Hartford"), by and through their attorneys, Donald A. Murday, Elizabeth G. Doolin, Julie F. Wall, and Chittenden, Murday & Novotny, state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint:

JURISDICTION AND VENUE

1.      This is an action brought under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:**   Hartford admits the allegations of Paragraph 1.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(e)(1), and 29 U.S.C. §1132(f), because this is an action arising under the laws of the United States and, more specifically, an action arising under §502 of ERISA (29 U.S.C. §1132).

**ANSWER:**   Hartford admits the allegations of Paragraph 2.

3.      Venue lies in the Central District of Illinois pursuant to 29 U.S.C. §1132(e)(2) in that the alleged breach of the employee welfare benefit plan at issue took place in the Central District of Illinois, the defendants reside in the Central District of Illinois, and the defendants may be found in the Central District of Illinois.

**ANSWER:** Hartford admits that venue is proper in the United States District Court for the Central District of Illinois pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because Plaintiff has alleged that a breach occurred in this District. Hartford denies that any breach of the subject ERISA governed plan occurred in this case. Hartford admits that the Defendants do business in the Central District of Illinois, but denies the remaining allegations of Paragraph 3 to the extent that they are inconsistent with this response.

4. Plaintiff's claim arises from Champaign County, Illinois, because of the following:

    (a) Plaintiff resides in Champaign County, Illinois;

    (b) Plaintiff's rights under the employee welfare benefit plan at issue arise out of his prior employment with Insurance Risk Managers, Ltd., in Champaign County, Illinois;

    (c) The employee welfare benefit plan at issue was established and maintained by Insurance Risk Managers, Ltd., in Champaign County, Illinois;

    (d) Plaintiff received disability payments under the employee welfare benefit plan at issue in Champaign County, Illinois, from May 1994 through June 2007.

**ANSWER:** Hartford admits, upon information and belief, that Plaintiff resides in Champaign County, Illinois. Hartford admits that Insurance Risk Managers, Ltd. established an employee welfare benefit plan ("Plan") for its eligible employees through its purchase of a group long-term disability insurance policy, designated SR-83025950 from Continental Casualty Company (the "Policy"). Hartford admits that Plaintiff's rights under the Plan arise out of his prior employment with Insurance Risk Managers, Ltd., in Champaign County, Illinois. Hartford admits that Plaintiff was paid long-term disability benefits under the Policy from on or about May 7, 1994 through June 30, 2007 and admits, upon information and belief, that Plaintiff

received these payments in Champaign County, Illinois. Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 4.

PARTIES AND THEIR INTERESTS

5. Plaintiff, Michael D. McCoy, was born in 1947, is presently 60 years old, and is a resident of Tolono, Illinois.

**ANSWER:** Hartford admits the allegations of Paragraph 5, upon information and belief.

6. Prior to February 5, 1994, plaintiff was employed as an insurance producer by Insurance Risk Managers, Ltd.

**ANSWER:** Hartford admits that Plaintiff was employed for Insurance Risk Managers, Ltd. from November 1, 1972 through February 4, 1994. Hartford admits that Plaintiff was an insurance broker with Insurance Risk Managers, Ltd. Hartford denies the remaining allegations of Paragraph 6 to the extent that they are inconsistent with this response.

7. Prior to the termination of his long term disability benefits as alleged below, plaintiff was insured under a group long term disability policy ("LTD policy") issued by Continental Casualty Company on June 1, 1993, as policy number SR-83025950. A copy of the LTD policy, together with subsequent riders, is attached hereto as Exhibit A.

**ANSWER:** Hartford admits that Insurance Risk Managers, Ltd. established the Plan for its eligible employees through its purchase of the Policy, designated SR-83025950, from Continental Casualty Company. Hartford further admits that the Policy had an effective date of June 1, 1993. Hartford admits that, prior to the termination of his long-term disability benefits on June 29, 2007, Plaintiff was a participant in the Plan and was receiving long-term disability

benefits under the Policy.  Hartford admits that Exhibit A is a copy of the Policy, including riders.  Hartford denies any remaining allegations of Paragraph 7 to the extent that they are inconsistent with this response.

8. All active, full-time employees of Insurance Risk Managers, Ltd., were covered by the LTD policy, all premium payments were paid entirely by Insurance Risk Managers, Ltd., and participation was not voluntary for the employees of Insurance Risk Managers, Ltd.

**ANSWER:**  Hartford admits that 100% of the premium for the Policy was paid by the employer, Insurance Risk Managers, Ltd.  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegation that participation was not voluntary for the employees of Insurance Risk Managers, Ltd.  Hartford denies the remaining allegations of Paragraph 8.

9. The LTD policy issued by Continental Casualty Company represents an "employee welfare benefit plan" under 29 U.S.C. §1002(1).

**ANSWER:**  Hartford admits that Insurance Risk Managers, Ltd. established an employee welfare benefit plan ("Plan") as described in 29 U.S.C. §1002(1) for its eligible employees through its purchase of the Policy from Continental Casualty Company.  Hartford denies that the Policy "represents an 'employee welfare benefit plan' under 29 U.S.C. §1002(1)" and denies any remaining allegations of Paragraph 9 as stated.

10. Prior to the termination of his long term disability benefits as alleged below, plaintiff was a "participant" in the employee welfare benefit plan under 29 U.S.C. §1002(7).

**ANSWER:**  Hartford admits that Plaintiff was a participant in the Plan, as defined by 29 U.S.C. §1002(7), prior to the termination of his long-term disability benefits on June 29,

2007. Hartford denies any remaining allegations of Paragraph 10 to the extent that they are inconsistent with this response.

11.     Apart from the LTD policy, there is no identifiable plan or plan name, and the employee welfare benefit plan consists of nothing more than the LTD policy itself.

**ANSWER:**   Hartford denies the allegations of Paragraph 11.

12.     Defendant, Hartford Life and Accident Insurance Company ("HLAIC"), is a foreign insurer authorized to do business and [sic] doing business in the State of Illinois.

**ANSWER:**   Hartford admits that Hartford Life and Accident Insurance Company ("HLAIC") is an insurance company incorporated in the State of Connecticut and authorized to do business in the State of Illinois. Hartford admits that HLAIC does business in the State of Illinois. Hartford denies any remaining allegations of Paragraph 12 to the extent that they are inconsistent with this response.

13.     Defendant, Hartford Life Insurance Company ("HLIC"), is a foreign insurer authorized to do business and [sic] doing business in the State of Illinois.

**ANSWER:**   Hartford admits that Hartford Life Insurance Company ("HLIC") is an insurance company incorporated in the State of Connecticut and authorized to do business in the State of Illinois. Hartford admits that HLIC does business in the State of Illinois. Hartford denies any remaining allegations of Paragraph 13 to the extent that they are inconsistent with this response.

14.     HLAIC and HLIC are subsidiaries of The Hartford Financial Services Group, Inc., which is also referred to as "The Hartford."

**ANSWER:** Hartford admits that The Hartford Financial Services Group, Inc. is a parent company of HLAIC and HLIC. Further answering, Hartford states that "The Hartford" is a registered trademark used to collectively describe the family of Hartford companies, of which The Hartford Financial Services Group, Inc. is the parent corporation. Hartford denies the remaining allegations of Paragraph 14 to the extent that they are inconsistent with this response.

15.    On or about January 1, 2004, The Hartford acquired various group benefit products from CNA, which included the LTD policy issued by Continental Casualty Company to Insurance Risk Managers, Ltd., as described above.

**ANSWER:** Hartford admits that HLAIC purchased 100% of the issued and outstanding stock of CNA Group Life Assurance Company from Continental Casualty Company and Continental Assurance Company on or about December 31, 2003. Hartford further admits that the subject Policy was acquired by HLAIC during that transaction. Hartford denies the remaining allegations of Paragraph 15.

16.    Subsequent to The Hartford's acquisition of the LTD policy, HLAIC has administered the policy (as shown by Exhibit B hereto), and HLAIC is the "administrator" (29 U.S.C. §1002(16)(A)) of the employee welfare benefit plan represented by the LTD policy.

**ANSWER:** Hartford denies that HLAIC is the administrator of the Plan as defined in 29 U.S.C. §1002(16)(A). Hartford denies that the Plan is "represented by" the Policy. Hartford denies that The Hartford acquired the Policy. Hartford admits that HLAIC is the claims administrator of the Policy. Hartford denies any remaining allegations of Paragraph 16 to the extent that they are inconsistent with this response.

17.     Prior to the termination of plaintiff's long term disability benefits as alleged below, HLIC was paying plaintiff's disability benefits under the LTD policy, as shown by Exhibit C hereto.

**ANSWER:**    Hartford admits that, prior to the termination of his long-term disability benefits under the Policy, Plaintiff was paid disability benefits under the Policy from on or about May 7, 1994 through June 30, 2007. Hartford admits that certain of these disability benefit payments were made by HLIC. Hartford denies the remaining allegation of Paragraph 17 to the extent that they are inconsistent with this response.

### STATEMENT OF CLAIM

18.     Plaintiff became totally disabled on or about February 5, 1994.

**ANSWER:**    Hartford admits that Plaintiff was deemed Totally Disabled under the terms, conditions, limitations, and exclusions of the Policy for a period of time beginning on February 5, 1994. Hartford denies any remaining allegations of Paragraph 18 to the extent that they are inconsistent with this response.

19.     The LTD policy was in force and effect when plaintiff became disabled.

**ANSWER:**    Hartford admits that the Policy was in force and effect on February 5, 1994, the date that Plaintiff became Totally Disabled under the terms, conditions, limitations, and exclusions of the Policy. Hartford denies any remaining allegations of Paragraph 19 to the extent that they are inconsistent with this response.

20.     After a 90 day elimination period, plaintiff began receiving benefits under the LTD policy beginning on or about May 7, 1994.

**ANSWER:** Hartford admits that the Policy had a 90 day elimination period and admits that Plaintiff began receiving long-term disability benefits under the Policy on or about May 7, 1994. Hartford denies any remaining allegations of Paragraph 20 to the extent that they are inconsistent with this response.

21. Plaintiff continuously received disability benefits under the LTD policy from on or about May 7, 1994, through June 30, 2007.

**ANSWER:** Hartford admits that Plaintiff received long-term disability benefits in accordance with the terms, conditions, limitations, and exclusions of the Policy from on or about May 7, 1994 through June 30, 2007. Hartford denies any remaining allegations of Paragraph 21 to the extent that they are inconsistent with this response.

22. By letter dated June 29, 2007 (Exhibit D hereto), HLAIC informed plaintiff that his long term disability benefits under the LTD policy were being terminated as of the date of the letter because he no longer satisfied the definition of "disability" under the policy.

**ANSWER:** Hartford admits that by letter dated June 29, 2007 HLAIC advised Plaintiff that his long-term disability benefits under the Policy were being terminated as of the date of the letter because, after review of the information gathered in the course of its investigation, HLAIC determined that Plaintiff no longer satisfied the Policy's disability definition. Further answering, HLAIC then explained the basis for its decision in detail in the six-page letter. Hartford admits only that a modified copy of the June 29, 2007 letter, with certain handwritten notes of unknown origin, is attached as Exhibit D to Plaintiff's Complaint, and therefore denies that Exhibit D is a true and accurate copy of the June 29, 2007 letter. The June 29, 2007 letter is a written document, the terms of which speak for themselves. Hartford

denies any remaining allegations of Paragraph 22 to the extent that they are inconsistent with this response.

23.   The applicable definition of "Total Disability" under the LTD policy is as follows:

> "Total Disability" means that, because of Injury of [sic] Sickness, the Insured Employee is:
>
> (1)  continuously unable to engage in any occupation for which he is or becomes qualified by education, training, or experience; and
>
> (2)  under the regular care of a licensed physician other than himself.

**ANSWER:**   Hartford denies the allegations of Paragraph 23.  The Policy is a written document, the terms of which speak for themselves.  Further answering, Hartford admits that "Total Disability" is defined under the Policy as follows:

> "Total Disability" means that, during the Elimination Period and the Insured Employee Occupation Period shown in Statement 4 of the Application, the Insured Employee, because of Injury or Sickness, is:
>
> (1)   continuously unable to perform the substantial and material duties of his regular occupation;
> (2)   under the regular care of a licensed physician other than himself; and
> (3)   not gainfully employed in any occupation for which he is or becomes qualified by education, training or experience.
>
> After the Monthly Benefit has been payable for the Insured Employee Occupation Period shown in Statement 4 of the Application, "Total Disability" means that, because of Injury or Sickness, the Insured Employee is:
>
> (1)   continuously unable to engage in any occupation for which he is or becomes qualified by education, training or experience; and
> (2)   under the regular care of a licensed physician other than himself.

24.   In terminating plaintiff's disability benefits under the LTD policy, HLAIC asserted that plaintiff had become capable of engaging in sedentary employment notwithstanding the fact that he had not worked for over 13 years at the time of termination, had been awarded

social security benefits as of February 5, 1994, was still receiving social security disability benefits as of June 29, 2007, had continuously received benefits under the LTD policy since they first began in May 1994, and had not been the recipient of any further education or training since becoming disabled.

**ANSWER:** Hartford denies the allegations of Paragraph 24.

25. HLIC paid plaintiff's disability benefits under the LTD policy through June 2007, but made no further payments thereafter.

**ANSWER:** Hartford admits that Plaintiff was paid disability benefits under the Policy from on or about May 7, 1994 through June 30, 2007. Hartford admits that certain of these disability benefit payments were made by HLIC. Hartford further admits that Plaintiff has not been paid any further Policy benefits since his benefits terminated in June of 2007. Hartford denies the remaining allegations of Paragraph 25 to the extent that they are inconsistent with this response.

26. At the time his disability benefits were terminated, plaintiff was receiving a net benefit of $3,375.06 per month after HLIC took an offset for the social security disability benefits received by plaintiff.

**ANSWER:** Hartford admits that, at the time his disability benefits were terminated, Plaintiff was receiving a net monthly benefit of $3,375.06 after the monthly benefit he was receiving from the Social Security Administration was offset in accordance with the terms, conditions, limitations and exclusions of the Policy. Hartford denies the remaining allegations of Paragraph 26.

27. By letter dated December 6, 2007 (Exhibit E hereto), plaintiff submitted a timely appeal to HLAIC regarding the termination of his disability benefits under the LTD policy.

10

**ANSWER:** Hartford admits that by letter dated December 6, 2007 Plaintiff submitted a timely appeal to HLAIC regarding the termination of his long-term disability benefits under the Policy. Hartford admits only that a modified copy of the December 6, 2007 letter, with certain handwritten notes of unknown origin, is attached as Exhibit E to Plaintiff's Complaint, and therefore denies that Exhibit E is a true and accurate copy of the December 6, 2007 letter. The December 6, 2007 letter is a written document, the terms of which speak for themselves. Hartford denies any remaining allegations of Paragraph 27 to the extent that they are inconsistent with this response.

28. By letter dated February 4, 2008 (Exhibit F hereto), and with the agreement of HLAIC, plaintiff submitted additional information relating to his appeal.

**ANSWER:** Hartford admits only that a modified copy of the February 4, 2008 letter, with certain handwritten notes of unknown origin, is attached as Exhibit F to Plaintiff's Complaint, and therefore denies that Exhibit F is a true and accurate copy of the February 4, 2008 letter. The February 4, 2008 letter is a written document, the terms of which speak for themselves. Hartford admits the remaining allegations of Paragraph 28.

29. By letter dated March 18, 2008 (Exhibit G hereto), HLAIC upheld the termination of plaintiff's long term disability benefits.

**ANSWER:** Hartford admits that by letter dated March 18, 2008 HLAIC upheld the decision to deny Plaintiff long-term disability benefits after June 30, 2007 in accordance with the terms, conditions, limitations, and exclusions of the Policy. Hartford admits only that a modified copy of the March 18, 2008 letter, with certain handwritten notes of unknown origin, is attached as Exhibit G to Plaintiff's Complaint, and therefore denies that Exhibit G is a true and accurate

copy of the March 18, 2008 letter. The March 18, 2008 letter is a written document, the terms of which speak for themselves.

30.     Plaintiff has continued to be totally disabled within the applicable definition of the LTD policy on and subsequent to the termination of his benefits by HLAIC and the cessation of payments by HLIC, and HLAIC and HLIC have breached the LTD policy and wrongfully denied plaintiff his disability benefits.

**ANSWER:**     Hartford denies that HLIC had any obligations to Plaintiff under the Policy, denies that either HLAIC or HLIC breached the Policy, and denies all remaining allegations of Paragraph 30.

**WHEREFORE,** Defendants, Hartford Life and Accident Insurance Company and Hartford Life Insurance Company, deny that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby request judgment in their favor and against Plaintiff on Plaintiff's Complaint, as well as an award of attorney's fees and costs in this case pursuant to Section 1132(g)(1) of ERISA.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In the event the Court finds that Plaintiff is entitled to additional disability benefits under the Policy, which Defendants dispute, Plaintiff's damages shall be reduced by any and all Disability benefits or other benefits paid or payable, or to which Plaintiff has or had a right (including, but not limited to, Social Security benefits), in accordance with the terms, conditions, limitations, and exclusions of the Policy, which payments act as a setoff.

### Second Affirmative Defense

1.     Plaintiff failed to state a claim against either Defendant upon which relief can be

granted.

2.  Plaintiff's cause of action may only be brought against the ERISA plan itself. *See* 29 U.S.C. § 1132(d)(2); *Garrett v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001); *Bullinger v. Unum Life Ins. Co. of America,* No. 07-CV-2131, 2008 WL 548430, *3 (C.D. Ill. Feb. 26, 2008).

3.  Defendants Hartford Life and Accident Insurance Company and Hartford Life Insurance Company are not the ERISA Plan.

4.  Defendants Hartford Life and Accident Insurance Company and Hartford Life Insurance Company are not proper parties to this suit.

### Third Affirmative Defense

Plaintiff's claims are barred because Defendants Hartford Life and Accident Insurance Company and/or Hartford Life Insurance Company discharged their duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

### Fourth Affirmative Defense

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

### Fifth Affirmative Defense

Defendants assert that Plaintiff failed to demonstrate continued eligibility for benefits under the terms and provisions of the Plan.

### Sixth Affirmative Defense

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendants Hartford Life and Accident Insurance Company and/or Hartford Life Insurance Company, such claim or admission of such evidence in support of

Plaintiff's claim is barred by Plaintiff's exhaustion of all administrative and/or Plan remedies.

### Seventh Affirmative Defense

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendants reserve the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

### Eighth Affirmative Defense

Defendants hereby reserve their right to assert any and all additional affirmative defenses which may in the future be revealed by investigation and discovery.

**WHEREFORE,** Defendants, Hartford Life and Accident Insurance Company and Hartford Life Insurance Company, deny that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby request judgment in their favor and against Plaintiff on Plaintiff's Complaint, as well as an award of attorney's fees and costs in this case pursuant to Section 1132(g)(1) of ERISA.

Respectfully submitted,

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND HARTFORD LIFE INSURANCE COMPANY**

By:  /s/ Julie F. Wall
      One of their Attorneys

Donald A. Murday, Lead Counsel
Elizabeth G. Doolin
Julie F. Wall
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)

*Certificate of Service*

  I hereby certify that on **May 22, 2008**, I electronically filed the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Glenn A. Stanko
      Rawles, O'Byrne, Stanko & Kepley, P.C.
      501 West Church Street
      P.O. Box 800
      Champaign, IL  61824-0800
      gastanko@rosklaw.com

            /s/ Julie F. Wall

O:\HA815\41160-McCoy\PLDGS\Answer to Cmplt.doc